OPINION
{¶ 1} The State of Ohio appeals the judgment of the Court of Common Pleas, Paulding County, ordering the State to reveal the identity of a confidential informant relied upon in making the arrest of Defendant Ruben Perez. The State asserts that the trial court erred in ordering it to divulge the name of the confidential informant because the informant had no personal knowledge of any information that would be beneficial to the defense. For the following reasons, this appeal is not well taken.
 {¶ 2} The underlying facts of this case are as follows. Larry Wagner was the owner of a parcel of real estate located at 11166 U.S. Route 24, Cecil, Ohio, which had been renovated into three separate apartment units. In 2003, Wagner agreed to sell the entire property, including all three rental units, to one of his tenants, David Cereghin, on a land installment contract. Cereghin, in turn, rented out one of the units to Chris Hitchcock, and later rented the unit he had previously been occupying to a man known to him as "Gomez," who was later identified as Samuel Revuelta Guzman, an illegal immigrant from Mexico.
 {¶ 3} By 2004, Cereghin began failing to make the installment payments on the land sale contract. Thereafter, Wagner notified Cereghin of the contract breach and that he was re-taking possession of the premises. Wagner then went to the property to inspect the premises, and in the apartment rented by Guzman he found a large quantity of marijuana and drug paraphernalia.
 {¶ 4} Wagner notified the police of his findings, and on October 25, 2004 the police inspected the premises and began an investigation. They noted that the apartment in question looked abandoned; there was no furniture in the living area and the apartment was virtually empty. Inside the apartment, they found over 200 pounds of marijuana, most of which had been placed into fourteen plastic zip bags. The police also spoke to Hitchcock, who indicated that he was renting his apartment from Cereghin but that he had not seen Cereghin in several months. Hitchcock also noted that he had seen the individual known as "Gomez" in the apartment previously, but that he had likewise not seen Gomez in some time.
 {¶ 5} On October 29, 2004 the police received a phone call from a confidential informant notifying them that they had missed over a hundred pounds of marijuana that had been hidden in the apartment behind a removable wall. The police obtained permission to re-enter the premises, and after conducting another search found the additional marijuana exactly where the informant had indicated it would be. In total, the police found close to $1,000,000.00 worth of marijuana in the apartment; the sheriff noted that it was largest drug bust in county history.
 {¶ 6} Thereafter, the police sent the evidence in to the Bureau of Criminal Investigation and Identification ("BCII") for a laboratory workup. The laboratory tested the substance found in the plastic bags and reported that it was marijuana. BCII also reported positive identifications on fingerprints found on the plastic bags. The prints were those of Samuel Revuelta Guzman, Joe Martinez, and of the defendant, Ruben Perez.
 {¶ 7} The grand jury indicted Perez on one count of trafficking in drugs in violation of R.C.2925.03(A)(2)(C)(3)(f), a first degree felony, and one count of possession of drugs in violation of 2925.11(A)(C)(3)(f), a second degree felony. Perez pled not guilty, and prior to trial filed a motion with the trial court asking the court to order the prosecutor to disclose the identity of the confidential informant. The parties filed briefs on the motion, and the court held an in camera hearing with the confidential informant suasponte to determine whether the informant had any information that would be beneficial to the defense. Subsequent to that hearing, the trial court filed a judgment entry granting the motion and ordering the prosecutor to disclose the identity of the confidential informant. The State immediately appealed that entry, asserting the following assignment of error:
The trial court abused its discretion and erred as a matter oflaw by ordering the Appellant to disclose the identity of theconfidential informant.
 {¶ 8} We will not reverse a trial court's decision requiring the disclosure of the identity of a confidential informant absent an abuse of discretion. See State v. Bays (1999),87 Ohio St.3d 15, 25, 716 N.E.2d 1126. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 9} Ohio courts recognize that the state's privilege to withhold the identity of a confidential informant in some circumstances. Bays, 87 Ohio St.3d at 24. However, that privilege "must give way where disclosure of the informant's identity would be helpful to the accused in making a defense to a criminal charge." Id. (citations omitted). The test for determining when the State must disclose the identity of a confidential informant was laid out in State v. Williams,4 Ohio St.3d 74, ¶ 1 of the syllabus: "The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." Thus, the question for this Court in the instant case is whether the trial court abused its discretion in determining that the confidential informant had information that would be beneficial to Defendant Perez.
 {¶ 10} After a careful review of the record, including the trial court's in camera hearing with the confidential informant, we agree with the trial court that the informant has personal knowledge of information that would be beneficial to the defendant. Specifically, the informant told the judge that David Cereghin had contacted him after the initial police raid and informed him that the police had not found a large portion of the marijuana that was hidden in the apartment. Cereghin then specifically described the location of the hidden marijuana, and, according to the informant, offered to pay him $10,000.00 to retrieve the hidden marijuana.
 {¶ 11} This information could be helpful to Perez in defending against the charges of possession. Cereghin was a previous tenant of the apartment and had contracted to purchase the property. Cereghin was also the person who then leased the apartment to Guzman, Perez's co-defendant. Moreover, there is also evidence in the record tending to show that Guzman, the supposed tenant, was rarely at the apartment, and there is absolutely no evidence of Perez's having been in the apartment. Thus, Cereghin's knowledge of the specific location of the hidden marijuana — drugs which were not found during an initial inspection by the police — could be interpreted as tending to show that Cereghin was the person who was actually in "possession" or "control" of the marijuana. Therefore, the information known to the informant would be helpful or beneficial in defending against a charge of possession
 {¶ 12} Accordingly, we find that the trial court did not abuse its discretion in determining that the informant had information which would be helpful to the defendant in preparing or making a defense to the charges. Therefore, the court did not err in ordering the state to disclose the informant's identity. Based on the foregoing, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant, P.J. and Rogers, J., concur.